<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        )
TALEB AHMED,                            )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )   Civil Action No. 08-0066 (GEB-MCA)
                                        )
TOWNSHIP OF EDISON, EDISON              )   **MEMORANDUM OPINION**
TOWNSHIP POLICE DEPARTMENT,             )
PATROLMAN T. HAMER, PATROLMAN           )
DOTRO, PATROLMAN COFORTE, and           )
SGT. J. GERBA, and JOHN DOES 1-10,      )
                                        )
            Defendants.                 )
_____ )

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon the motion for summary judgment by defendants Township of Edison, Edison Township Police Department, Patrolman T. Hamer, Patrolman Dotro, and Sgt. J. Gerba (collectively "defendants"). (Doc. No. 22.) The motion for summary judgment was filed on September 21, 2009 and the matter was fully briefed on November 4, 2009. Plaintiff opposes the motion. (Doc. No. 25.) The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons that follow will deny in part and grant in part the motion for summary judgment.

**I.      BACKGROUND**

This is a case brought under 28 U.S.C. § 1983 for compensatory and punitive damages

for alleged violations of plaintiff's civil rights, including Fourth, Fifth, and Fourteenth Amendment violations by several police officers who allegedly beat the plaintiff. (Compl. at ¶ 1; Doc. No. 1.) Plaintiff also maintains this action against the Township of Edison and the Edison Police Department. (*Id.* at ¶¶ 5-6.) All defendants move for summary judgment, arguing that: (1) they are entitled to a judgment as a matter of law because the officers had probable cause to believe that plaintiff committed a criminal act and thus there can be no violation of his constitutional rights; (2) Edison Township cannot be held liable under *respondeat superior*; (3) the Edison Township Police Department is not a proper defendant because it is not an entity separate from the municipality; and (4) all defendants are entitled to qualified immunity as a matter of law. (Def.'s Br.; Doc. No. 22.)

  A. Facts

The following facts are taken from the statements of undisputed material facts submitted by the parties, and should be assumed to be undisputed unless otherwise noted. On September 11, 2007, at approximately 12:20 A.M., one Heather Ganz called 911 relative to an incident with plaintiff. (Defs.' 56.1 Stmt. at ¶ 2; Doc. No. 22.) In response to that call, Patrolman Ted Hamer of the Edison Township Police Department was dispatched to investigate the domestic dispute. (*Id.* at ¶ 3.) Ms. Ganz had refused to give plaintiff a ride to New Brunswick, and he became angry and violent. (*Id.*) Ms. Ganz locked herself in the bathroom and called 911, and plaintiff fled the scene. (*Id.*)

Later that evening, at 3:26 A.M., a second 911 call led to Patrolman Michael Dotro and Patrolman Peter Conforti being dispatched to the same address, on a report of an intoxicated individual attempting to gain entry without homeowner's consent. (*Id.* at ¶ 5.) At this point, the

facts proffered by each party diverge. Plaintiff claims that his dog had gotten loose, and he was in the process of retrieving it when a police officer commanded him to "freeze." (Pl.'s 56.1 Stmt. at ¶ 5; Doc. No. 25-1.) He was then allegedly beaten by the officers. (*Id.*) Defendants claim that plaintiff was pulling on a door handle when they arrived at the scene. (Defs.' 56.1 Stmt. at ¶ 5; Doc. No. 22.) After the police ordered him to step away from the door, plaintiff allegedly fled and fell on his face during the ensuing foot pursuit. (*Id.*) He further resisted arrest by kicking his legs and flailing his arms when pinned to the ground by Officer Dotro. (*Id.*)

Lastly, it is undisputed that the initials on the bottom of Ms. Ganz's written statement (Exhibit 6) were placed there not by Ms. Ganz, but by Officer Hamer. (Defs.' Resp. to Pl.'s 56.1 Stmt. at ¶ 5; Doc. No. 29-1.) Plaintiff believes this is part of a departmental scheme to fabricate evidence, while defendants state that Ms. Ganz wrote the entire statement and Officer Hamer initialed it after leaving the premises because Ms. Ganz had inadvertently omitted her signature.

## II. DISCUSSION

Defendants move for summary judgment, arguing that: (1) they are entitled to a judgment as a matter of law because the officers had probable cause to believe that plaintiff committed a criminal act and thus there can be no violation of his constitutional rights; (2) Edison Township cannot be held liable under *respondeat superior*; (3) the Edison Township Police Department is not a proper defendant because it is not an entity separate from the municipality; and (4) all defendants are entitled to qualified immunity as a matter of law. (Defs.' Br.; Doc. No. 22.)

### A. Standard of Review

A party seeking summary judgment must "show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prods. Co., Inc.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

    **B.**    **Application**

        *1.*    *Probable Cause*

First, defendants argue that summary judgment should be granted because the 911 calls gave the officers probable cause to arrest the plaintiff, and thus there can be no constitutional violation. (Defs.' Br. at 8; Doc. No. 22.) Plaintiff does not specifically address the 911 calls, but instead argues that the alleged fabrication of evidence and alleged false arrest and malicious prosecution led to violations of his civil rights. (Pl.'s Br. at 15-17; Doc. No. 25-1.) Plaintiff also argues that any probable cause that arose from the 911 calls dissolved once the officers arrived at the scene and Ms. Ganz told police not to arrest plaintiff. (*Id.* at 18.)

The disputed facts in this case must lead the Court to deny summary judgment in this instance. Whether probable cause to arrest the plaintiff existed is a disputed issue of material

fact, and all material events subsequent to the arrival of police at the scene are disputed. The Court will deny summary judgment on the probable cause issue.

### 2. Respondeat Superior

Defendant next moves for summary judgment on plaintiff's claims for damages against Edison Township, arguing that the claims are barred under *Monell v. Department of Social Services, City of New York*, 436 U.S. 658 (1978). (Defs.' Br. at 10; Doc. No. 22.) *Monell* held that "Congress did not intend municipalities to be held liable unless actions pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. Further, "a municipality cannot be held liable solely because it employs a tort feasor." *Id.* Clarifying this doctrine, the Third Circuit has held that in order for a plaintiff to establish a claim for failure to train, the plaintiff must: (1) identify specific training not provided that could reasonably expect to prevent the alleged constitutional violation; and (2) demonstrate that the risk reduction associated with the proposed training is so great and so obvious that the failure of those responsible for the content of the training program to provide it can reasonably be attributed to a deliberate indifference to the rights of those in similar situations as the plaintiff. *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1030 (3d Cir. 1991).

Defendants argue that plaintiff has failed to identify any policy or custom of the police department which amounted to a violation of the plaintiff's constitutional rights, as well as that plaintiff has failed to identify any specific training not provided to the police. (Defs.' Br. at 11; Doc. No. 22.) Plaintiff argues that the claim against Edison Township is based upon a long history of deliberate indifference to prior police misconduct. (Pl.'s Br. at 22; Doc. No. 25-1.) Plaintiff argues that "the custom, practice, and policy of the Edison Police Department of

deliberately and intentionally turning a blind eye to Police misconduct gives confidence to its Police Officers that such conduct will go without punishment." (*Id.* at 23.)

Drawing all reasonable inferences in the light most favorable to the plaintiff, the claims against the Township of Edison must proceed. Plaintiff has proffered evidence including: (1) an internal affairs complaint against Lt. Dominick Semenza, wherein it is alleged that he pulled his gun on and assaulted plaintiff for dating his granddaughter, Heather Ganz; (2) evidence that only one police officer in the Township of Edison has been disciplined in the last five years, though the police department averages 25 complaints per year; and (3) two prior incidents involving Officer Dotro. This evidence is sufficient to overcome a summary judgment challenge.

### 3. *Edison Township Police Department*

Defendants next argue that the municipal police department is not a proper party to this action because it a part of the municipality and is not intended to be a separate entity. (Defs.' Br. at 12; Doc. No. 22.) N.J.S.A. § 40A:14-118 provides that a municipal police department is "an executive enforcement function of the municipal government." There appears to be no dispute on this point from plaintiff. Therefore, the Court will grant summary judgment on this point and dismiss the Edison Township Police Department as a party to this action.

### 4. *Qualified Immunity*

Finally, defendants move for summary judgment because the government officials are immune from civil damages. (Defs.' Br. at 16; Doc. No. 22.) Qualified immunity shields government officials from civil damages liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Defendants argue that the officers are

entitled to qualified immunity because their conduct did not violate a clearly established law. (Defs.' Br. at 18; Doc. No. 22.) Plaintiff argues that police officers do not have qualified immunity when they "unjustifiably assault[] and injure[] a victim." (Pl.'s Br. at 32; Doc. No. 25-1.) The disputed material facts regarding the incident lead the Court to conclude that the defendants are not entitled to qualified immunity. The facts as plaintiff alleges them, and which defendants dispute, point to violations of plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. These rights are clearly established, and thus summary judgment will be denied on this point.

### III. CONCLUSION

For the reasons stated herein, defendants' motion for summary judgment (Doc. No. 22) will be granted with respect to the Edison Township Police Department and denied in all other respects. An appropriate form of order is filed herewith.

Dated: April 23, 2010

            s/ Garrett E. Brown, Jr.
            GARRETT E. BROWN, JR., U.S.D.J.